

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :    **SEALED INDICTMENT**

       -v.-                     :    12 Cr.

TREVOR COLE,                     :
DOMINIQUE JEAN PHILIPPE, and
JEREMY ACEVEDO                   :
       Defendants.
                                 :     12 CRIM 802
- - - - - - - - - - - - - - - - x

COUNT ONE

The Grand Jury charges:

1.  In or about September 2012, in the Southern District of New York, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others known and unknown, unlawfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the defendants agreed together and with others to rob an individual they believed to be in possession of drugs and drug proceeds in the Bronx, New York (the "Male Victim").

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/12

Overt Acts

2.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   In or about September 2012, TREVOR COLE, the defendant, and others, threatened and kidnapped a female victim (the "Female Victim") associated with the Male Victim.

   b.   In or about September 2012, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, threatened and kidnapped the Male Victim and stole drug proceeds from the Male Victim's apartment in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

COUNT TWO

The Grand Jury further charges:

3.   In or about September 2012, in the Southern District of New York, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others known and unknown, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit,

COLE, PHILIPPE, ACEVEDO, and others, robbed the Male Victim of drug proceeds in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE

The Grand Jury further charges:

4.  In or about September 2012, in the Southern District of New York, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Section 1201.

5.  It was a part and an object of the conspiracy that TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others known and unknown, would and did unlawfully seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, in violation of Title 18, United States Code, Section 1201.

### Overt Acts

6.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others,

were committed in the Southern District of New York and elsewhere:

      a.   In or about September 2012, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others, kidnapped the Female Victim in the Bronx, New York, and forced her to call the Male Victim on her cellular telephone in an effort to get the Male Victim to come to the Female Victim's apartment.

      b.   In or about September 2012, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others, kidnapped the Male Victim in the Bronx, New York, and forced him to call someone on his cellular telephone in an effort to obtain ransom money.

(Title 18, United States Code, Section 1201(c).)

## COUNT FOUR

The Grand Jury further charges:

7.   In or about September 2012, in the Southern District of New York, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others known and unknown, willfully and knowingly did seize, confine, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, a person, and use a means, facility, and instrumentality of interstate commerce in committing and in furtherance of the commission of the kidnapping, to wit, COLE, PHILIPPE, ACEVEDO,

and others kidnapped the Male Victim and the Female Victim and forced them to use their cellular telephones in furtherance of the offense.

(Title 18, United States Code, Sections 1201 and 2.)

## COUNT FIVE

The Grand Jury further charges:

8. In or about September 2012, in the Southern District of New York, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVEDO, the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the robbery offenses charged in Count One and Two of this Indictment, and the kidnapping offenses charged in Counts Three and Four of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

## FORFEITURE ALLEGATION

9. As a result of committing the Hobbs Act robbery offenses in violation of 18 U.S.C. § 1951 as alleged in Counts One and Two of this Indictment, TREVOR COLE, DOMINIQUE JEAN PHILIPPE, and JEREMY ACEVDEO, the defendants, shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third person;

    (3) has been placed beyond the jurisdiction of the Court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 981, and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

TREVOR COLE,
DOMINIQUE JEAN PHILIPPE,
and JEREMY ACEVEDO,

Defendants.

---

<u>INDICTMENT</u>

12 Cr.

(Title 18, United States Code,
Sections 924(c), 1201, 1951, & 2)

PREET BHARARA
United States Attorney.

A TRUE BILL

*[signature]* Foreperson.

---

10/23/12    Indictment filed under seal, arrest warrants issued

Pitman, US MJ

(BH)