```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

         -v.-                   :    12 Cr. 802 (KBF)

TREVOR COLE, and                :
DOMINIQUE JEAN PHILIPPE,
                                :
         Defendants.
                                :
- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S MOTIONS IN LIMINE

```
                                  PREET BHARARA
                                  United States Attorney for the
                                  Southern District of New York
                                  One St. Andrew's Plaza
                                  New York, New York 10007

Parvin Moyne
Timothy D. Sini
Assistant United States Attorneys
     -Of Counsel-
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

          -v.-                    :     12 Cr. 802 (KBF)

TREVOR COLE, and                  :
DOMINIQUE JEAN PHILIPPE,
                                  :
          Defendants.
                                  :
- - - - - - - - - - - - - - - - x
```

## GOVERNMENT'S MOTIONS IN LIMINE

For the reasons that follow, the Government hereby moves, *in limine*, for an order precluding the defendants from eliciting evidence at trial that charges against Jeremy Acevedo were dismissed.

## BACKGROUND

On October 23, 2012, a Grand Jury sitting in the Southern District of New York returned Indictment 12 Cr. 802 (KBF), charging three defendants - Trevor Cole, Dominique Jean Phillippe, and Jeremy Acevedo - in five counts. Specifically, the Indictment charged the three defendants with: (1) conspiring to rob individuals believed to be in possession of drugs and drug proceeds, in violation of Title 18, United States Code, Section 1951; (2) robbing individuals believed to be in possession of drugs and drug proceeds, in violation of Title 18, United States Code, Sections 1951 and 2; (3) conspiring to kidnap, in violation of Title 18, United States Code, Section 1201; (4) kidnapping, in

violation of Title 18, United States Code, Sections 1201 and 2; and (5) using and brandishing a firearm during the charged robbery and kidnapping, in violation of Title 18, United States Code, Sections 924(c) and 2.

As described in various search warrants obtained by the Government and other law enforcement reports, the charges arise from an investigation by the New York City Police Department ("NYPD") and Federal Bureau of Investigation ("FBI") into a brutal robbery and kidnapping that occurred from September 2, 2012, through September 4, 2012, in the Bronx, New York. *See* 12 Mag. 2864 (search warrant for Dominique Jean Phillippe's bedroom at 227 East 5th Street, Mount Vernon, NY); 12 Cr. 802 (November 27, 2012) (search warrant to obtain DNA swabs). Specifically, on or about September 2, 2012, at approximately 10:30 p.m., a female ("the Female Victim") returned to her apartment on Magenta Avenue in the Bronx, New York (the "Magenta Avenue Apartment," or the "Apartment"). At that time, the Female Victim was the girlfriend of a man who was a marijuana dealer (the "Male Victim"). As the Female Victim opened the door to the Magenta Avenue Apartment, multiple men, at least one of whom was armed with a gun, pushed her into her apartment, beat her, threw her on the floor, tied her up, and covered her eyes. At some point, the Female Victim heard more men enter the Apartment. The group of men then proceeded to ransack the Apartment and asked her where she kept

the money and drugs. When she replied that there was no money or drugs in the Apartment, the men tried to force her to call her boyfriend, the Male Victim. The Female first tried to stall the robbers by calling the Male Victim's old phone number (which no one answered). The robbers then placed duct tape around the Female Victim's arms and legs, taped a t-shirt around her face, and threw her into her bathtub, where they proceeded to urinate on her, beat her, and rape her.

    The Female Victim was kept captive for approximately two days until she finally reached the Male Victim on his cellphone and he came to the Magenta Avenue Apartment. During that time period, the Female Victim was kept tied up in the bathtub, with a t-shirt taped over her face. Although the Female Victim could not see who came and went from the Magenta Avenue Apartment, she heard both male and female voices.

    When the Male Victim entered the Magenta Avenue Apartment, the robbers beat him, stabbed him, hit him with a gun, bound his arms and legs, and covered his eyes. The robbers forced the Male Victim to give them the keys to his apartment on Neill Avenue in the Bronx (the "Neill Avenue Apartment"), and at least two of the robbers left the Magenta Avenue Apartment, presumably to search the Neill Avenue Apartment. The Male Victim was able to see that one man stayed with him, but does not know if anyone else was in another room. (Although the robbers had taped the Male Victim's

eyes shut with duct tape, he was able to remove part of the tape covering one of his eyes by rubbing his head against a piece of furniture.)  After the men who left returned to the Magenta Avenue Apartment, all of the robbers left the Magenta Avenue Apartment.  About 30 minutes later, the Female Victim managed to free herself from the tape and unbind the Male Victim.  They called members of the Female Victim's family, who called the police.

In or about October 2012, the Female Victim was shown a photo array and identified Trevor Cole as one of the two robbers who pushed her into the Magenta Avenue Apartment.  In or about October 2012, the Male Victim was shown photo arrays, and identified Dominique Jean Phillippe and Jeremy Acevedo as two of the robbers who were present when he came to the Magenta Avenue Apartment.  In addition to these identifications, the Government has other evidence against Trevor Cole and Dominique Phillippe (including: witness testimony; Cole's DNA was found at the Magenta Avenue Apartment; items stolen from the victims were found at Phillippe's home; photographs of items stolen from the victims were found on Cole's phone; and cellular phone location data indicates that Cole and Phillippe were at the Magenta Avenue Apartment and/or Neill Avenue Apartment).

On October 31, 2012, Trevor Cole was arrested, presented in White Plains, and remanded pending trial. On November 2, 2012, Phillippe was arrested, presented in White Plains, and remanded pending trial. (Cole and Phillippe were arrested during Hurricane Sandy, and so their presentments were handed in the White Plains courthouse.) On November 9, 2012, Acevedo was arrested and presented in Manhattan, and remanded pending trial. In December 2012, upon agreement with the Government, Acevedo was released on bail. On May 2, 2013, upon motion of the Government, charges against Acevedo were dismissed.

## Discussion

**The Court Should Preclude The Defendants From Eliciting Evidence That Charges Against Jeremy Acevedo Were Dismissed.**

The Court should preclude the defendants from eliciting evidence that the charges against Jeremy Acevedo were dismissed. The fact of a decision not to prosecute is evidence of nothing and could have resulted for any number of reasons; at the same time, admission of such evidence would be prejudicial to the Government and likely mislead and confuse the jury.

It is well-established that an acquittal does not establish that a defendant was innocent of the charged offenses. It simply means that the prosecutors failed to meet their burden of proving his guilt beyond a reasonable doubt. *See United States v. Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) (acquittal does

not establish that defendant is not guilty); *Prince v. Lockhart*, 971 F.2d 118, 122 (8th Cir. 1992) ("[J]udgments of acquittal are not generally relevant . . . because they do not prove innocence; they simply show that the government did not meet its burden of proving guilt beyond a reasonable doubt."); *United States v. Kerley*, 643 F.2d 299, 300-01 (5th Cir. 1981) ("[E]vidence of a prior acquittal [in state court arising from same incident] is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime."). Such evidence also is hearsay, and not admissible under any exception to the hearsay rules. Rule 803(22) exempts judgments of *conviction* from the hearsay rules, but does not allow for the introduction of acquittals.

    Because of the dubious evidentiary value of prior acquittals and the lack of foundation for their admissibility, courts have excluded such evidence. In *United States v. Viserto*, 596 F.2d 531, 536-37 (2d Cir. 1979), the Second Circuit succinctly explained why such evidence is inadmissible:

> A judgment of acquittal is relevant to the legal question of whether the prosecution is barred by the constitutional doctrine of double jeopardy or collateral estoppel. But *once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted*. Not only does the inference appellants suggest not flow from the judgment

>    of acquittal . . . , but also a judgment of
>    acquittal is hearsay. The Federal Rules of
>    Evidence except from the operation of the
>    hearsay rule only judgments of conviction,
>    Rule 803(22), not judgments of acquittal.

*Id.* (emphasis added).

This logic is equally applicable to a decision not to prosecute a crime. *See*, *e.g.*, *United States* v. *Marrero-Ortiz*, 160 F.3d 768, 775 (1st Cir. 1998) (holding that the district court acted properly in barring the defendant from eliciting evidence "that local charges related to [the defendant's] arrest for weapons possession had been dismissd"); *United States* v. *Theunick*, 05 Cr. 20002, 2007 WL 2225852 (E.D. Mich. 2007) (precluding the defendants "from introducing evidence relating to the [state prosecutor's] decision not to prosecute [d]efendants"); *United States* v. *Hermundson*, 210 F.3d 386, 2000 WL 32063, *2 (9th Cir. Jan. 14, 2000)("The district court did not err when it excluded from evidence the fact that the county grand jury had returned a 'no true bill' finding on the rape. The court properly excluded this evidence as improper opinion evidence, similar to evidence of a decision not to prosecute").

Because the Government's decision not to prosecute Acevedo would constitute both inadmissible hearsay and improper opinion testimony (to the extent that it even implies an opinion), this Court should preclude the defendants from introducing or eliciting any evidence of that decision.

Dated: New York, New York
       May 3, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York

                         By:  ___/s/_____
                              Parvin Moyne
                              Timothy D. Sini
                              Assistant United States Attorneys
                              Tel.: (212) 637-2510/2358