D995colP                         plea

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4            v.                          12 Cr. 802 (KBF)

5   TREVOR COLE and DOMINIQUE JEAN
    PHILLIPE,
6
                 Defendants.
7
    ------------------------------x
8

9                                        September 9, 2013
                                         9:39 a.m.
10

11  Before:

12                   HON. KATHERINE B. FORREST,

13                                        District Judge

14
                         APPEARANCES,
15
    PREET BHARARA
16       United States Attorney for the
         Southern District of New York
17  BY:  PARVIN MOYNE
         TIMOTHY SINI
18       Assistant United States Attorneys

19  DAVID TOUGER
         Attorney for Defendant Cole
20
    BENJAMIN HEINRICH
21       Attorney for Defendant Jean-Phillipe

22

23

24

25

D995colP                          plea

1           (Case called)

2           THE DEPUTY CLERK:  Counsel, please state your names

3   for the record.

4           MS. MOYNE:  Parvin Moyne and Timothy Sini for the

5   government.  Good morning, your Honor.

6           THE COURT:  Good morning.

7           MR. SINI:  Good morning, your Honor.

8           MR. TOUGER:  Good morning, your Honor.  David Touger

9   for Mr. Cole.

10           THE COURT:  Good morning, Mr. Touger.  And the Court

11   notes that Mr. Cole is present here in court, this morning.

12           MR. HEINRICH:  Good morning, your Honor.  Benjamin

13   Heinrich for Dominique Jean-Phillipe.

14           THE COURT:  Good morning, Mr. Heinrich.  And the Court

15   notes that Mr. Phillipe is here present in Court this morning.

16           I have been handed two Pimentel Letters, one with

17   respect to Mr. Dominique Jean Phillipe and one with respect to

18   Mr. Trevor Cole.  These letters appear to indicate that rather

19   than calling this matter for trial this morning each of the

20   defendants has made his own decision to plead guilty.

21           Do I have the state of play correct?

22           MR. TOUGER:  Your Honor, except for the fact that

23   there is no agreement with the Pimentel letter.

24           THE COURT:  I'm sorry.  Not an agreement.  I have been

25   handed a Pimentel letter and I have been told that it reflects

D995colP                              plea

1    that there is an intent --

2                MR. TOUGER:  There is a plea.  We will plead guilty to

3    the indictment.

4                THE COURT:  -- intent to plead guilty.

5                MR. HEINRICH:  Yes, your Honor; it is a signal to the

6    Court that there is a plea.  It just represents the

7    government's view and basically that we don't necessarily agree

8    with everything in it, but.

9                THE COURT:  Here is the way I would like to proceed.

10   What I would like to do is take the plea as to Mr. Cole first

11   and then take the plea as to Mr. Dominique Jean Phillipe

12   second.  There is no particular reason for that order, just

13   happens to cross the table like that.

14               What I do need, though, is for the individual who is

15   not pleading yet who will plead after Mr. Cole, to be out of

16   the room.  The reason for that is because part of the plea

17   allocution, as you all know, has to do with whether or not this

18   is being done voluntarily and independently and is the product

19   of his own decision and that he is comfortable with.  I don't

20   want there to ever be a question as to whether or not the

21   presence of the two individuals here together has coerced one

22   or the other into pleaing.

23               So, the allocutions and the plea will need to be done

24   separately.  All right?

25               MR. HEINRICH:  I understand the Court's position.  The

D995colP                    plea

1    record should reflect that is clearly not the case, that

2    Mr. Cole's decision was a decision I believe which was made

3    first.  Dominique's position and his decision to enter this

4    plea came about following a courtroom visit allowed by the

5    marshals with his sister who flew in from Orlando, and that

6    eventually sealed his mind.  It has nothing to do with what

7    Mr. Cole is doing.  They are making independent decisions.

8              THE COURT:  We can do it -- the order of it doesn't

9    matter.  Since you're standing, Mr. Heinrich, we can take

10   Mr. Dominique Jean Phillipe and do his plea allocution first,

11   Mr. Cole can go back into the room for --

12             MR. HEINRICH:  If you insist on going back in the room

13   I will go back with Mr. Phillipe.

14             THE COURT:  If you and Mr. Touger have some view as to

15   who would like to go first that is fine, but I would like to

16   have whoever is not going first go back into the room.

17             MR. TOUGER:  I guess I'm first.

18             THE COURT:  Thank you.

19             Could the marshals please take Mr. Phillipe into the

20   side room?

21             (Defendant Dominique Jean Phillipe and his counsel not

22   present)

23             THE COURT:  We are now going to go through the various

24   matters, Mr. Cole, that relate directly to whether or not you

25   decide ultimately to enter a plea of guilty.  While your

D995colP                     plea

1    counsel has indicated that you have expressed an intent to

2    plea, until I ask you during this morning's proceeding how you

3    plead as to each count, which I will do very specifically, you

4    haven't entered a guilty plea and we could still call this

5    matter for trial.

6                   Do you understand that?

7                   DEFENDANT COLE:  Yes.

8                   THE COURT:  What I am going to do is I'm going to ask

9    you some questions and make sure that your mind is clear as you

10   are here in court today, that you are able to consider the

11   decision that you are making and that there is nothing that is

12   causing you to have an unclear mind.  So, to do that I want to

13   be able to have some back and forth with you, I'm going to have

14   my deputy put you under oath, and I'm going to ask you some

15   background questions.

16                  DEFENDANT COLE:  All right.

17                  THE COURT:  Could you stand, sir?

18                  (Defendant sworn)

19                  THE DEPUTY CLERK:  Please state your full name and

20   spell it.

21                  DEFENDANT COLE:  Trevor Cole, last name C-O-L-E.

22                  THE COURT:  Mr. Cole, how old are you, sir?

23                  DEFENDANT COLE:  27 years old.

24                  THE COURT:  Do you know that you are now under oath

25   and that you have to answer my questions truthfully and if you

D995colP                          plea

1    don't you could be separately prosecuted for perjury?

2             DEFENDANT COLE:  Yes.

3             THE COURT:  Where were you born, sir.

4             DEFENDANT COLE:  In Jamaica.

5             THE COURT:  Are you a U.S. citizen?

6             DEFENDANT COLE:  Naturalized.

7             THE COURT:  So you have gone through the

8    naturalization and become a U.S. citizen?

9             DEFENDANT COLE:  Under my mother.

10            THE COURT:  But you yourself have gone through the

11   proceeding?

12            DEFENDANT COLE:  No.

13            THE COURT:  Is Mr. Cole a U.S. citizen?

14            MS. MOYNE:  Your Honor, we're not sure.

15            THE COURT:  Mr. Cole, I want to make sure that you

16   understand that if you are not a U.S. citizen and you do plead

17   guilty, there could be very serious adverse effects,

18   immigration impact that could flow from a guilty plea and that

19   deportation would be presumptive.

20            Do you understand that?

21            DEFENDANT COLE:  Yes.

22            THE COURT:  What is the highest level of education

23   that you achieved?

24            DEFENDANT COLE:  GED.

25            THE COURT:  And what was the highest level of

D995colP                     plea

1   education you achieved while you were in school?

2           DEFENDANT COLE:  Oh, ten.

3           THE COURT:  Tenth grade?

4           DEFENDANT COLE:  Yes.

5           THE COURT:  Did you get the GED over here?

6           DEFENDANT COLE:  Yes.

7           THE COURT:  Have you taken any college-level courses?

8           DEFENDANT COLE:  No.

9           THE COURT:  Have you -- do you have a wife or

10  significant other of any kind?

11          DEFENDANT COLE:  No.

12          THE COURT:  Do you have any children?

13          DEFENDANT COLE:  Yes.

14          THE COURT:  How many?

15          DEFENDANT COLE:  Three.

16          THE COURT:  How old are your kids?

17          DEFENDANT COLE:  7, 2, and four months.

18          THE COURT:  Have you ever been hospitalized for any

19  kind of alcohol problem?

20          DEFENDANT COLE:  No.

21          THE COURT:  Have you ever been treated for an alcohol

22  problem?

23          DEFENDANT COLE:  No.

24          THE COURT:  Have you ever been treated for a drug

25  addiction?

D995colP                         plea

1              DEFENDANT COLE:  No.

2              THE COURT:  Have you ever been hospitalized for a drug

3    addiction?

4              DEFENDANT COLE:  No.

5              THE COURT:  Have you ever been treated for any kind of

6    mental illness or psychological problem?

7              DEFENDANT COLE:  No.

8              THE COURT:  Have you ever been hospitalized for any

9    kind of mental illness or psychological problem?

10             DEFENDANT COLE:  No.

11             THE COURT:  Have you ever had a head injury?

12             DEFENDANT COLE:  No.

13             THE COURT:  Is there anything at all about your

14   background that you think I should know that makes you feel

15   like you're unclear in your mind?

16             DEFENDANT COLE:  No.

17             THE COURT:  Any kind of injury that you ever sustained

18   in the past?

19             DEFENDANT COLE:  No.

20             THE COURT:  How do you feel today in your head?  Are

21   you clear?

22             DEFENDANT COLE:  Oh yeah.  Yeah, yeah.

23             THE COURT:  All right.

24             Do you understand why you are here today?

25             DEFENDANT COLE:  Yes, ma'am.

D995colP                          plea

| | |
|---|---|
| 1 | THE COURT:  And you are clear about these proceedings |
| 2 | right now? |
| 3 | DEFENDANT COLE:  Yes. |
| 4 | THE COURT:  Does either counsel have any doubt as to |
| 5 | Mr. Cole's competency to consider the matters we are going to |
| 6 | go through today and to enter a guilty plea should he choose to |
| 7 | do so later in these proceedings? |
| 8 | MS. MOYNE:  The government does not. |
| 9 | MR. TOUGER:  No, your Honor. |
| 10 | THE COURT:  The Court does find that Mr. Cole is very |
| 11 | clear in his answers to the Court, that he is -- he certainly |
| 12 | understands what is going on, his answers are responsive to the |
| 13 | Court's questions and the Court does find that he is competent |
| 14 | to consider the matters that we are going through today and if |
| 15 | he chooses to do so, to enter a plea when the appropriate time |
| 16 | comes. |
| 17 | You may be seated, Mr. Cole. |
| 18 | DEFENDANT COLE:  No problem. |
| 19 | THE COURT:  Mr. Cole, what we are going to do now is |
| 20 | to go over certain rights that you have to be sure that you |
| 21 | understand them.  If at any point in time you don't understand |
| 22 | something I'm going through, make sure I know and I will just |
| 23 | explain it again.  All right? |
| 24 | Do you understand you have got a right to counsel now |
| 25 | and at every stage of these proceedings? |

D995colP                           plea

```
 1                    DEFENDANT COLE:  Yes.

 2                    THE COURT:  And Mr. Touger is your lawyer?

 3                    DEFENDANT COLE:  Yes.

 4                    THE COURT:  Are you satisfied with his representation

 5       of you?

 6                    DEFENDANT COLE:  Yes.

 7                    THE COURT:  Have you had an adequate opportunity to

 8       discuss the charges against you with Mr. Touger?

 9                    DEFENDANT COLE:  Yes.

10                    THE COURT:  Have you had an adequate opportunity to

11       discuss the possible consequences that could flow from entering

12       a guilty plea to the charges?

13                    DEFENDANT COLE:  Yes.

14                    THE COURT:  Do you understand that if you went to

15       trial later today that in fact Mr. Touger would represent you

16       at that trial, you would have a lawyer at that trial?

17                    DEFENDANT COLE:  Yes.

18                    THE COURT:  And do you understand if at any point in

19       these proceedings you could not afford a lawyer, a lawyer would

20       be appointed for you?

21                    DEFENDANT COLE:  Yes.

22                    THE COURT:  What I want to do now is talk about your

23       right to a trial.  If you plead guilty do you understand you

24       are going to give up your right to go to trial?

25                    DEFENDANT COLE:  Yes.
```

D995colP                         plea

| | |
|---|---|
| 1 | THE COURT:  Under the laws of the United States and |
| 2 | the U.S. Constitution, you have a right to a jury trial, a |
| 3 | public trial on the charges contained in the indictment against |
| 4 | you. |
| 5 | Did you understand that? |
| 6 | DEFENDANT COLE:  Yes. |
| 7 | THE COURT:  And do you understand that at that trial |
| 8 | you would be presumed to be innocent and the government would |
| 9 | have to prove that you were guilty beyond a reasonable doubt |
| 10 | before you could be found guilty? |
| 11 | DEFENDANT COLE:  Yes. |
| 12 | THE COURT:  Do you understand that you would not have |
| 13 | to prove that you were innocent? |
| 14 | DEFENDANT COLE:  Yes. |
| 15 | THE COURT:  Do you understand that a jury of 12 people |
| 16 | would have to agree unanimously that you were guilty before a |
| 17 | verdict of guilty could be returned against you? |
| 18 | DEFENDANT COLE:  Yes. |
| 19 | THE COURT:  Do you understand that during the trial |
| 20 | the witnesses for the government would have to come to Court |
| 21 | and testify in your presence and Mr. Touger could cross-examine |
| 22 | those witnesses, he could object to evidence offered by the |
| 23 | government, he could subpoena witnesses to come to Court and |
| 24 | testify on your behalf and offer evidence on your behalf? |
| 25 | DEFENDANT COLE:  Yes. |

D995colP                          plea

1        THE COURT:  Do you understand that at a trial,

2   although you would have a right to testify, you would also have

3   the right not to testify if you chose not to testify, and that

4   if you did not choose to testify, the jury would be instructed

5   that they could not draw any inference or suggestion of guilt

6   from the fact that you did not testify?

7        DEFENDANT COLE:  Yes.

8        THE COURT:  Do you understand that even at this time

9   as we are discussing the possibility of your entering a guilty

10  plea, you still have the right to go to trial until the point

11  in the proceedings where I ask you for a plea?

12        DEFENDANT COLE:  Yes.

13        THE COURT:  And then at that time you only give up

14  your right to a trial if you plead guilty.

15        Do you understand that?

16        DEFENDANT COLE:  Yes.

17        THE COURT:  Now, if you want to plead guilty in a few

18  minutes -- and I will tell you, you are also going to have to

19  give up your right not to incriminate yourself because if you

20  plead guilty it is very important that you plead guilty because

21  you are guilty of the crimes charged and that you are not

22  pleading guilty for any other reason.

23        Do you understand that?

24        DEFENDANT COLE:  Yes.

25        THE COURT:  Let's talk about the nature of the charges

D995colP                          plea

1    against you and the possible consequences, the penalties that

2    could flow from pleading guilty to those charges.

3           Do you understand that in Count One you're charged

4    with conspiring to commit a robbery in or about September of

5    2012?

6           DEFENDANT COLE:  Yes.

7           THE COURT:  And do you understand that Count One

8    carries a maximum term of imprisonment of 20 years?

9           DEFENDANT COLE:  Yes.

10           THE COURT:  And do you understand that Count One

11    carries a maximum term of supervised release of three years?

12           DEFENDANT COLE:  Yes.

13           THE COURT:  And do you understand that Count One also

14    carries a maximum fine that is the greatest of $250,000, twice

15    the gross pecuniary gain derived from the offense or twice the

16    gross pecuniary loss to persons other than yourself resulting

17    from the offense and a $100 special assessment?

18           DEFENDANT COLE:  Yes.

19           THE COURT:  Do you understand that Count Two charges

20    you with committing and aiding and abetting the commission of

21    the robbery in September of 2012?

22           DEFENDANT COLE:  Yes.

23           THE COURT:  Do you understand that Count Two carries

24    separate possible penalties including a maximum term of

25    imprisonment of 20 years?

D995colP                    plea

1              DEFENDANT COLE:  Yes.

2              THE COURT:  And a maximum term of supervised release

3    of three years?

4              DEFENDANT COLE:  Yes.

5              THE COURT:  And it carries the same fine as I

6    described with respect to Count One?

7              DEFENDANT COLE:  Yes.

8              THE COURT:  And it also carries a $100 mandatory

9    special assessment?

10             Do you understand that?

11             DEFENDANT COLE:  Yes.

12             THE COURT:  Do you understand in Count Three you are

13   charged with conspiring to commit kidnapping in September of

14   2012?

15             DEFENDANT COLE:  Yes.

16             THE COURT:  Do you understand that Count Three carries

17   its own separate possible penalties?

18             DEFENDANT COLE:  Yes.

19             THE COURT:  Do you understand that Count Three carries

20   a maximum term of life imprisonment?

21             DEFENDANT COLE:  Yes.

22             THE COURT:  Do you understand that Count Three carries

23   a maximum term of supervised release of five years?

24             DEFENDANT COLE:  Yes.

25             THE COURT:  And that Count Three also carries the same

D995colP                        plea

1    kind of fine that I described in relation to Count One and Two

2    but it could be separately imposed?

3            DEFENDANT COLE:  Yes.

4            THE COURT:  And do you understand that Count Three

5    also carries a separate $100 mandatory special assessment?

6            DEFENDANT COLE:  Yes.

7            THE COURT:  Do you understand in Count Four you are

8    charged with committing and aiding and abetting the commission

9    of kidnapping in September of 2012?

10           DEFENDANT COLE:  Yes.

11           THE COURT:  Do you understand that Count Four carries

12   separate penalties from the other counts, it has got its own

13   independent penalties --

14           DEFENDANT COLE:  Yes.

15           THE COURT:  -- as to each of the counts?

16           Count Four carries a maximum term of life

17   imprisonment.  Do you understand that?

18           DEFENDANT COLE:  Yes.

19           THE COURT:  Count Four also carries a maximum term of

20   supervised release of five years.

21           DEFENDANT COLE:  Yes.

22           THE COURT:  Count Four also carries a maximum fine

23   that is similar to the fine or that is the same as the fine I

24   described in the other counts.

25           Do you understand that?

D995colP                          plea

1              DEFENDANT COLE:  Yes.

2              THE COURT:  Do you understand that Count Four also

3    carries a separate mandatory $100 special assessment?

4              DEFENDANT COLE:  Yes.

5              THE COURT:  Do you understand that in Count Five you

6    are charged with carrying, using and brandishing a firearm

7    during and in relation to and possessing a firearm in

8    furtherance of the violent crimes charged in Counts One through

9    four?

10             DEFENDANT COLE:  Yes.

11             THE COURT:  Do you understand that Count Five carries

12   a maximum term of life imprisonment?

13             DEFENDANT COLE:  Yes.

14             THE COURT:  Do you understand that Count Five carries

15   a mandatory minimum of seven years' imprisonment which must be

16   served consecutively which means after any other term of

17   imprisonment is imposed?

18             DEFENDANT COLE:  Yes.

19             THE COURT:  Do you understand that Count Five carries

20   a maximum term of supervised release of five years?

21             DEFENDANT COLE:  Yes.

22             THE COURT:  And do you understand that Count Five also

23   carries a maximum fine that is the greatest of $250,000, twice

24   the gross pecuniary gain to persons derived from the offense or

25   twice the gross pecuniary loss to persons other than yourself

D995colP                          plea

1    resulting from the offense and a $100 special assessment?

2              DEFENDANT COLE:  Yes.

3              THE COURT:  Do you understand that the maximum

4    penalties that could be imposed for Counts One through Five is

5    life imprisonment plus seven years?

6              DEFENDANT COLE:  Yes.

7              THE COURT:  Do you understand that you could also be

8    required to make forfeiture --

9              (Defendant and counsel conferring)

10             THE COURT:  -- if there is any property that is

11   traceable to the offense.

12             DEFENDANT COLE:  Yes.

13             THE COURT:  Do you understand that restitution could

14   be imposed?

15             DEFENDANT COLE:  Yes.

16             THE COURT:  Do you understand that forfeiture and

17   restitution are not in place of any fine that the Court might

18   otherwise impose?

19             DEFENDANT COLE:  Yes.

20             THE COURT:  Let me turn, for a moment, to a phrase I

21   used:  Supervised release.

22             After you get out of prison do you understand that

23   there would be a term of supervised release imposed?

24             DEFENDANT COLE:  Yes.

25             THE COURT:  And that if you violated the terms and

D995colP                          plea

1    conditions of supervised release that you could be returned to

2    prison without trial?

3              DEFENDANT COLE:  Yes.

4              THE COURT:  Do you also understand that it is possible

5    that you could spend your life in prison and that no supervised

6    release would be imposed?

7              DEFENDANT COLE:  Yes.

8              THE COURT:  Do you understand that no one -- not your

9    lawyer, not the government's lawyer -- that no one can give you

10   any assurance of what your sentence would be if you plead

11   guilty because I'm going to decide your sentence and I'm not

12   going to do that right now?

13             DEFENDANT COLE:  Yes.

14             THE COURT:  Have you discussed these issues with

15   Mr. Touger?

16             DEFENDANT COLE:  Yes.

17             THE COURT:  Do you understand that even if your

18   sentence ends up being different from what you hope it will be

19   or expect that it will be, if you enter a guilty plea you are

20   going to be bound by that guilty plea and you are not going to

21   be able to withdraw that plea?

22             DEFENDANT COLE:  Yes.

23             THE COURT:  I want to make sure that you are pleading

24   guilty, if you plead guilty voluntarily.

25             Has anybody threatened you to plead guilty?

1             DEFENDANT COLE:  No.

2             THE COURT:  Have you seen -- well, do you understand

3    that in the Pimentel letter with the government there is no

4    agreement between you and the government?

5             DEFENDANT COLE:  Yes.

6             THE COURT:  Do you understand that the Pimentel letter

7    simply sets forth the government's estimation as to what

8    possible penalties could be imposed?

9             DEFENDANT COLE:  Yes.

10            THE COURT:  And do you understand that the government

11   has indicated that they calculate your offense level at 43 and

12   your Criminal History Category as VI?

13            DEFENDANT COLE:  Yes.

14            THE COURT:  And do you understand that those

15   calculations are not binding on the Court, the Court has to

16   separately determine what it believes your offense level and

17   Criminal History Category are?

18            DEFENDANT COLE:  Yes.

19            THE COURT:  The Criminal History Category is actually

20   46 but it is brought down to 43?

21            MS. MOYNE:  I believe it is brought down to 44 under

22   the government's estimation, your Honor.

23            THE COURT:  Let me just take a look.

24            MS. MOYNE:  On page 5.

25            THE COURT:  Do you understand, Mr. Cole, that the

D995colP                          plea

1    government has estimated that your offense level would be 44?

2                 DEFENDANT COLE:  Yes, your Honor.

3                 THE COURT:  Do you understand that that estimation is

4    not binding on the Court, the Court does its own calculation of

5    your offense level?

6                 DEFENDANT COLE:  Yes, ma'am.

7                 THE COURT:  Has anybody coerced you in any way to

8    plead guilty?

9                 DEFENDANT COLE:  No.

10                THE COURT:  Has anybody threatened you to plead

11   guilty?

12                DEFENDANT COLE:  No.

13                THE COURT:  Do have you any agreement with anybody

14   about what your sentence is going to be?

15                DEFENDANT COLE:  No.

16                THE COURT:  Do you have any agreement with the

17   government about your sentence or anything else?

18                DEFENDANT COLE:  No.

19                THE COURT:  Now I want to discuss the factual basis

20   for your plea and why you think you're guilty of the crimes

21   that are charged in Counts One through Five.  So, Ms. Moyne,

22   why don't you go through the elements of Counts One through

23   Five and then, Mr. Cole, you can tell me why you think you're

24   guilty of those charges.

25                MS. MOYNE:  Yes, your Honor.

D995colP                              plea

First, with respect to all of the counts, the
government would have to establish venue in the Southern
District of New York by a preponderance of the evidence meaning
that some act in furtherance of the conspiracy or as part of
the substantive crimes charged occurred in the Southern
District of New York which includes Manhattan, the Bronx and
Westchester and Mount Vernon.

Then the government would have to prove each of the
elements of each of the counts beyond a reasonable doubt.  With
respect to Count One it alleges a conspiracy to commit robbery
that has three elements:  First, that there was a conspiracy or
an agreement between two or more people to commit robbery;
second, that the defendant knowingly and willfully associated
himself with and joined in the conspiracy; and third, that the
conspiracy had or would have had potential or actual effect on
interstate commerce.

The second count alleges robbery which is also what
the conspiracy involves with respect to the first count so both
for the first count and the second count the elements of
robbery are:  First, that the defendant obtained or took
property of another; second, that the defendant took property
against the victims' will by actual or threatened force,
violence or fear of injury; third, that the defendant's
actually or potentially affected interstate commerce; and
fourth that the defendant acted unlawfully, willfully and

1    knowingly.  And with respect to the substantive robbery charge,

2    the defendant is also charged as an aider and abettor.

3              Count Three alleges a conspiracy to commit robbery and

4    also has three elements:  First, the existence of a

5    conspiracy -- excuse me.

6              Count Three charges conspiracy to commit kidnapping.

7    It also has three elements:  The existence of a conspiracy or

8    agreement to commit kidnapping; that the defendant has

9    knowingly and willfully associated himself with the conspiracy

10   and joined in the conspiracy; and third, that the conspiracy

11   had an actual or potential effect on interstate commerce.

12             The fourth count charges the substantive kidnapping

13   and it has three elements:  First, that the defendant seized or

14   confined or kidnapped or abducted or carried away at least one

15   individual; second, that the defendant held the individual for

16   ransom, reward or any other reason; third, that the individual

17   was transported in interstate commerce or the defendant

18   traveled in interstate commerce or the defendant used any

19   means, facility or instrumentality of interstate commerce in

20   furtherance of the crime; and fourth that the defendant acted

21   unlawfully, willfully and knowingly.

22             Again, the defendant is charged both substantively as

23   a principal and as an aider and abettor with respect to Count

24   Four.

25             The fifth count is that the defendant used, possessed,

D995colP                        plea

1      carried and brandished firearms during and in furtherance of

2      the violent crimes charged in Counts One through Four and it

3      has three elements and then an additional special finding that

4      the government would have to prove beyond a reasonable doubt.

5      First, that on the date alleged in the indictment the defendant

6      used, carried or possessed a firearm or aided and abetted the

7      use, carrying or possession of a firearm; second, that the

8      defendant used or carried the firearm during a crime of

9      violence or possessed the firearm in furtherance of the crime

10     of violence; and third, that the defendant acted knowingly.

11     And the government has alleged and would also have to prove

12     beyond a reasonable doubt that the firearms were brandished.

13     And, the defendant is charged both as a principal and as an

14     aider and bettor with respect to this count as well.

15             THE COURT:  In terms of brandishing, what is the

16     government's view as to what the evidence would show?

17             MS. MOYNE:  The government's view is evidence would

18     show both the defendant and his co-defendant Dominique Jean

19     Phillipe possessed a firearm, showed the firearm, pointed the

20     firearm at the victims, at one point struck one of the victims

21     over the head; that the firearm was in both defendants' hands

22     at different points during the kidnapping and during the

23     robbery and the defendants worked together with respect to the

24     firearms.

25             THE COURT:  Thank you.

D995colP                    plea

1          Mr. Cole?

2          DEFENDANT COLE:  Yes.

3          THE COURT:  It is time for you to decide if you want

4    to give up your right not to incriminate yourself which is part

5    of a plea of guilty if you still want to go down that road, and

6    if you do then you need to tell me why you think you are guilty

7    of the crimes that are charged in Counts One through Five.

8          MR. TOUGER:  Do you mind if he sits, your Honor?

9          THE COURT:  Yes, and I will just ask him some

10   questions afterwards.

11         DEFENDANT COLE:  I, along with others, agreed to

12   kidnapping Jeanette Adams and did so on 9/2/12 by forcing her

13   into her apartment where she was bound and held for two days

14   until Patrick James came in and he was kidnapped and bound.  As

15   proceeds of the robbery we took marijuana, money and personal

16   property.  A gun was used during the commission of this crime.

17   During the commission of the crime the victims were forced to

18   use their cell phones.

19         THE COURT:  Mr. Cole, you mentioned that you took the

20   property of another, you robbed somebody while you were doing

21   these acts, is that right?

22         DEFENDANT COLE:  Yes.

23         THE COURT:  Did you use force during the robbery?

24         MR. TOUGER:  Your Honor, what happened was the robbery

25   was at a different -- they went and got the property from a

D995colP                          plea

1   different location.  There was force used to get that

2   information but -- worldwide I don't know if that is true.

3            THE COURT:  He took, was it an ATM card?

4            MR. TOUGER:  No, no, no.  There was property in

5   another apartment and they got the keys from one of the victims

6   and they went to that apartment and the property was stolen

7   from that apartment.

8            THE COURT:  Is that true, Mr. Cole, what your lawyer

9   just said?

10           DEFENDANT COLE:  Yes.

11           THE COURT:  And did you, when you went from the one

12  apartment to the other, is the way that you got the ability to

13  go to the other apartment by threatening or using force on the

14  victims?

15           DEFENDANT COLE:  Yes.

16           THE COURT:  When you engaged in the robbery did you do

17  that knowing what you were doing was wrong?

18           DEFENDANT COLE:  Yes.

19           THE COURT:  And did you understand that you were

20  engaging in a robbery at the time?

21           DEFENDANT COLE:  Yes.

22           THE COURT:  Where did the robbery occur?

23           DEFENDANT COLE:  Bronx.

24           THE COURT:  And when you agreed with another person to

25  engage in the robbery -- one or more people to engage in the

D995colP                          plea

```
 1    robbery -- where did that agreement occur?
 2              DEFENDANT COLE:  The Bronx.
 3              THE COURT:  Now, in terms of the gun that you said you
 4    had, did you have that in your hand at a certain time during
 5    these events?
 6              MR. TOUGER:  All we are willing to state at this
 7    moment is that he knew a gun was being used in the robbery.
 8              THE COURT:  Did you see the gun being held up or
 9    brandished in some way?
10              DEFENDANT COLE:  Yes.
11              THE COURT:  Did you see the gun being held up or
12    brandished in some way in front of the victims so that the
13    victims could see it?
14              (Defendant and counsel conferring)
15              DEFENDANT COLE:  Yes.
16              THE COURT:  Ms. Moyne, do you believe that there is a
17    sufficient factual predicate for a plea of guilty as to each of
18    the five counts should the defendant choose to do so?
19              MS. MOYNE:  We do believe there is sufficient
20    allocution except for one thing, but first the government would
21    proffer the interstate element:
22              With respect to the robbery, the marijuana that was a
23    target of the conspiracy and of the robbery was shipped from
24    California.
25              THE COURT:  Let me just pause there.
```

D995colP                         plea

1              Mr. Touger, is there any objection or any reason to

2    disagree with that?

3              MR. TOUGER:  There is no objection but obviously we

4    didn't know that.  Mr. Cole does not know that.

5              THE COURT:  There is no reason that the defendant has

6    to be aware of the interstate commerce element, is that

7    correct?

8              MS. MOYNE:  That's correct, your Honor.

9              THE COURT:  All right.

10             MS. MOYNE:  With respect to the kidnapping, the phones

11   that the victims were forced to use had the ability to make

12   phone calls out-of-state and internationally which is part of

13   the interstate element of the kidnapping offenses.

14             THE COURT:  Mr. Touger, any reason to dispute that

15   fact?

16             MR. TOUGER:  I have no reason to dispute it but

17   obviously, again, Mr. Cole only knew that it could make the

18   calls that it made.

19             THE COURT:  Did Mr. Cole have any reason to believe

20   that the cell phones that were being used operated in any

21   manner that was different from the majority of cell phones?

22             MR. TOUGER:  No.

23             THE COURT:  All right.

24             MS. MOYNE:  And with respect to the guns -- I'm sorry,

25   your Honor, I think that you actually asked if they were

D995colP                          plea

1    brandished and we did cover that.

2              THE COURT:  Do you believe there is sufficient factual

3    predicate for a guilty plea as to each of the five charges

4    should the defendant choose to enter one?

5              MS. MOYNE:  Yes, Your Honor.

6              THE COURT:  Mr. Touger, do you know of any reason,

7    legal or otherwise, why your client should not enter a plea of

8    guilty as to any of the five charges?

9              MR. TOUGER:  No, your Honor.

10             THE COURT:  Mr. Cole, now is the time for you to make

11   your final decision and I'm going to ask you one by one how you

12   plead to each of the counts and this is a decision for you and

13   you alone to make.  How do you plead, sir, to Count One?

14             DEFENDANT COLE:  Guilty.

15             THE COURT:  How do you plead, sir, to Count Two?

16             DEFENDANT COLE:  Guilty.

17             THE COURT:  How do you plea to Count Three?

18             DEFENDANT COLE:  Guilty.

19             THE COURT:  How do you plead to Count Four?

20             DEFENDANT COLE:  Guilty.

21             THE COURT:  And how do you plead to Count Five?

22             DEFENDANT COLE:  Guilty.

23             THE COURT:  Because you acknowledge that you are in

24   fact guilty of the offenses charged in Counts One through Five

25   and since I am convinced that you are pleading guilty

D995colP                          plea

1    voluntarily and that you know of your rights including your

2    right to go to trial and that you also understand the possible

3    consequences that could flow from entering a guilty plea to

4    these charges, I accept your plea.

5              DEFENDANT COLE:  All right.

6              THE COURT:  What we are going to do now is set down a

7    time for sentencing.  The sentence date that we have is January

8    17th, 2014.  Is that an acceptable date?

9              MR. TOUGER:  Was that January 14th?

10             THE COURT:  17th.

11             MR. TOUGER:  No problem.

12             THE COURT:  12:00.  Does that make sense?

13             MS. MOYNE:  Yes, your Honor.

14             THE COURT:  That would make the defense submissions

15   due January 3rd, 2014 and the government's submissions due

16   January 10th, 2014.

17             Now, Mr. Cole, the probation office is going to want

18   to do a presentence investigation report; that's a document

19   that I will receive that will set forth for me the crimes, some

20   details about the crime but also very important details about

21   who you are.  Your counsel will have the opportunity to tell

22   the Court more about who you are, what your background is and

23   your view as to why you did what you did, mitigating

24   circumstances, things that you might want to put forward for

25   the Court in connection with sentencing.

D995colP                        plea

1          DEFENDANT COLE:  All right.

2          THE COURT:  When you read -- you will get a draft of

3    the presentence report from the probation office before I ever

4    do.  You will have an opportunity and you should, if you see

5    any errors at all, raise them with Mr. Touger and he'll either

6    note them for the probation office so they can change them; if

7    they won't change them then he will raise them with the Court

8    and they can be noted as objections, all right?

9          DEFENDANT COLE:  Yes.

10         THE COURT:  Mr. Touger, will you facilitate the PSR

11   interview?

12         MR. TOUGER:  Yes, your Honor.  If you would note that

13   I would like to be there at the time?

14         THE COURT:  All right.

15         Now, I also want to ask you, Mr. Touger, to try very

16   hard to protect the sentencing date.  What I try to do is keep

17   sentencing dates as the dates.  If you need me to move it to

18   lunchtime because you think you might be on trial I would

19   rather know that now and get it set for lunchtime.  What I

20   don't want to do is have it be as I know many judges do is the

21   first of a series of minuets that occur.  So, this is the date.

22         MR. TOUGER:  Your Honor, let me answer that by saying

23   this:  I have nothing scheduled for trial at this moment at

24   that time but a lot of judges think defense lawyers control

25   their schedule.  We don't.

D995colP                          plea

1           THE COURT:  You think we control your schedule?

2           MR. TOUGER:  I think Judges in general, not you.  If

3    Judges would get along better with each other about where I

4    should be we would have no problems, but if another federal

5    judge orders me to be somewhere I will give them your name and

6    tell them to contact you.

7           THE COURT:  Understood.  Understood.  To the extent

8    that it is reasonably possible I would like to keep that date.

9           MR. TOUGER:  I will do everything I can to be in this

10   courtroom at 12:00 on that day.

11          THE COURT:  Is there any anything further we should do

12   on this matter absent this time?

13          MS. MOYNE:  Your Honor, it is a matter that relates to

14   both defendants but the government anticipates that there will

15   be a Fatico hearing in this case and so we would like to

16   schedule that.

17          THE COURT:  Let's pick a date sometime.  What we will

18   need to do then is to pick a date right after the 10th because

19   we will need to get the submissions to figure out where there

20   are differences and the Court will then set a hearing and

21   probably issue an order as to the topics of that hearing at

22   that time.  Do we have some time between the 10th and the 17th,

23   Joe?

24          THE DEPUTY CLERK:  Tuesday, January 14th, at 3:00 p.m.

25          THE COURT:  How about Wednesday the 15th?

D995colP                      plea

1          THE DEPUTY CLERK:  Wednesday the 15th at 3:00 p.m.

2          THE COURT:  I will be able to issue an order on the

3    Monday.

4          MR. TOUGER:  Your Honor, I am thinking that if it is

5    both of us that 3:00 may not be enough time.

6          THE COURT:  Let's move it back.  Can we do it at noon?

7          THE DEPUTY CLERK:  Noon is fine.

8          THE COURT:  Do you think we will need a whole day?

9    You guys know the issues.

10         MR. TOUGER:  With two defense lawyers and the

11   government I would think so, yes.

12         THE COURT:  Let's block a day.

13         THE DEPUTY CLERK:  Wednesday, January 15th.

14         THE COURT:  January 15th is blocked for a Fatico

15   hearing.

16         MR. TOUGER:  9:30?

17         THE COURT:  9:30.

18         Is there anything further that we should do on this

19   matter at this time?

20         MS. MOYNE:  That will be all for the government.

21         THE COURT:  We are adjourned on this matter and I

22   would ask the marshals to bring out Mr. Dominique Jean Phillipe

23   and Mr. Cole should return to the side room.

24         MR. TOUGER:  Your Honor, I know this is not within the

25   Court's power but if -- he was moved to the MCC for trial this

D995colP                          plea

1    weekend, I believe, if he could move back to Brooklyn, that

2    would be his --

3              THE COURT:  Certainly I think that you can ask to have

4    him.

5              MR. TOUGER:  I will talk to the marshals.  I just

6    wanted to bring it up to the Court.

7              THE COURT:  Right.  If you have a problem, let me

8    know.

9              (Defendant Phillipe is now present; Defendant Cole is

10   not)

11             THE COURT:  Mr. Heinrich, is it your intention that

12   your client may potentially plead guilty to the charges

13   contained in the indictment?

14             MR. HEINRICH:  That is correct, your Honor.

15             THE COURT:  Here is what I would like to do.

16             First of all, I want to make sure that I'm not calling

17   you Mr. Phillipe as your last name and actually you go by

18   Mr. Jean Phillipe.  So, do you go by Mr. Phillipe or Mr. Jean

19   Phillipe?

20             DEFENDANT PHILLIPE:  Phillipe.

21             THE COURT:  The first thing I want to do,

22   Mr. Phillipe, is that I want to tell you that you have not yet

23   entered a guilty plea and make sure you understand that.

24             Do you understand that?

25             You have to answer audibly.

D995colP                              plea

1          DEFENDANT PHILLIPE:  Understood.

2          THE COURT:  What we are going to do is go through some

3     matters this morning to make sure your mind is clear and to

4     make sure that you understand certain rights and then I'm going

5     to ask you for your plea.  At that point you are going to enter

6     a plea if you choose to do so, all right?

7          MR. HEINRICH:  Judge, could those drapes be drawn

8     because they're shining in my eyes and I have a tendency to

9     react to that.

10         THE COURT:  Absolutely.  Some Judges keep them drawn.

11         MR. HEINRICH:  I like the nice bright room but it is a

12    killer.  Thank you very much.

13         THE COURT:  Mr. Phillipe, do you understand that at

14    this time you have not yet entered a plea?

15         DEFENDANT PHILLIPE:  I understand.

16         THE COURT:  You can still go to trial at this time.

17    The time that your right to a trial is going to be taken away

18    is if you enter a plea later in these proceedings.

19         Do you understand that?

20         DEFENDANT PHILLIPE:  I understand, your Honor.

21         THE COURT:  I'm going to have my deputy put you under

22    oath because I want to make sure that your mind is clear and

23    you are not confused about why you are here, so I'm going to

24    ask you some questions.  That is part of what we do during this

25    guilty plea so I can assure myself that you're not thinking

D995colP                          plea

1    that you are off in some other zone.  All right?  So, I'm going

2    to ask my deputy to put you under oath.

3              (Defendant sworn)

4              THE DEPUTY CLERK:  Please state your full name and

5    spell your last name, for the record.

6              DEFENDANT PHILLIPE:  Dominique Phillipe, last name

7    J-E-A-N - P-H-I-L-I-P-P-E.

8              THE COURT:  Mr. Phillipe, you go by Phillipe not

9    Jean-Phillipe?

10             DEFENDANT PHILLIPE:  Phillipe.

11             THE COURT:  Do you understand that you are under oath

12   and you have to answer my questions truthfully or you could be

13   separately prosecuted for perjury?

14             DEFENDANT PHILLIPE:  I understand your Honor.

15             THE COURT:  How old are you, sir?

16             DEFENDANT COLE:  33.

17             THE COURT:  Where were you born?

18             DEFENDANT COLE:  Port-Au-Prince, Haiti.

19             THE COURT:  Are you an American citizen?

20             DEFENDANT COLE:  No.

21             THE COURT:  Do you understand that if you enter a

22   guilty plea that serious immigration consequences are likely as

23   a result of entering that guilty plea?

24             DEFENDANT PHILLIPE:  That is understood, your Honor.

25             THE COURT:  Do you understand that deportation would

D995colP                          plea

1    be presumptively mandatory if you entered a guilty plea?

2              DEFENDANT PHILLIPE:  Yeah.

3              THE COURT:  Do you have a spouse or significant other?

4              DEFENDANT PHILLIPE:  Yes.

5              THE COURT:  Do you have any kids?

6              DEFENDANT PHILLIPE:  Yes.

7              THE COURT:  How many kids do you have?

8              DEFENDANT PHILLIPE:  Two.

9              THE COURT:  How old are your children?

10             DEFENDANT PHILLIPE:  6 and one is about 9.  9, 10

11   months.

12             THE COURT:  Nine, years old?

13             DEFENDANT COLE:  Nine, 10 months old.

14             THE COURT:  When did you come --

15             DEFENDANT PHILLIPE:  Oh 9, 10 months.

16             THE COURT:  When did you come to this country?

17             DEFENDANT PHILLIPE:  1986.

18             THE COURT:  Did you go to school here?

19             DEFENDANT PHILLIPE:  Yes.

20             THE COURT:  What is the highest level of school you

21   achieved?

22             DEFENDANT PHILLIPE:  Eleventh grade.

23             THE COURT:  Have you ever gotten your GED?

24             DEFENDANT PHILLIPE:  No.

25             THE COURT:  Have you ever been hospitalized for any

D995colP                          plea

 1 │ kind of alcohol problem?

 2 │           DEFENDANT PHILLIPE:  No.

 3 │           THE COURT:  Have you ever been treated for an alcohol

 4 │ problem?

 5 │           DEFENDANT PHILLIPE:  No.

 6 │           THE COURT:  Have you ever been treated for a drug

 7 │ problem?

 8 │           DEFENDANT COLE:  No.

 9 │           THE COURT:  Have you ever been hospitalized for a drug

10 │ problem?

11 │           DEFENDANT PHILLIPE:  No.

12 │           THE COURT:  Have you ever been treated for any kind of

13 │ psychological or mental problem of any kind at all?

14 │           DEFENDANT PHILLIPE:  No, your Honor.

15 │           THE COURT:  Have you ever been hospitalized for any

16 │ kind of psychological issue or mental problem?

17 │           DEFENDANT PHILLIPE:  No.

18 │           THE COURT:  Have you ever had any kind of physical

19 │ injury to your head?

20 │           DEFENDANT PHILLIPE:  No.

21 │           THE COURT:  Is there anything at all that I should

22 │ know about your medical background that would -- that you

23 │ believe would help me understand whether or not your mind is

24 │ clear right now?

25 │           DEFENDANT PHILLIPE:  No, your Honor.

D995colP                          plea

1          THE COURT:  Do you believe your mind is clear right

2     now?

3          DEFENDANT PHILLIPE:  Yes.

4          THE COURT:  Do you know why we are here?

5          DEFENDANT PHILLIPE:  Yes.

6          THE COURT:  Is there any fuzziness in your mind or any

7     lack of clarity as to these proceedings right now?

8          DEFENDANT PHILLIPE:  No, your Honor.

9          THE COURT:  Does either counsel have any doubt as to

10     Mr. Phillipe's competency to consider the matters that we are

11     going to go over this morning and, if he chooses to do so, to

12     enter a guilty plea?

13          MS. MOYNE:  No, your Honor.

14          MR. HEINRICH:  No, your Honor.

15          THE COURT:  I do find that Mr. Phillipe is quite clear

16     in his responses to me, his demeanor is very forthright, he is

17     looking me in the eyes as he answers the questions and I find

18     that he is competent, certainly, to consider the matters that

19     we are going to go over and, if he chooses to do so, to enter a

20     guilty plea later in these proceedings.

21          You may be seated, sir.

22          What we are going to do now is go over certain rights

23     that you have.  Do you understand you have a right to a lawyer

24     now and at every stage in these proceedings?

25          DEFENDANT PHILLIPE:  Understood, your Honor.

D995colP                          plea

1            THE COURT:  And Mr. Heinrich is your lawyer?

2            DEFENDANT PHILLIPE:  Yes.

3            THE COURT:  Are you satisfied with his representation

4    of you?

5            DEFENDANT PHILLIPE:  Yes.

6            THE COURT:  Have you had a chance to discuss your case

7    with Mr. Heinrich?

8            DEFENDANT PHILLIPE:  Yes.

9            THE COURT:  Have you had an opportunity to discuss any

10   defenses that you may have?

11           DEFENDANT PHILLIPE:  Yes.

12           THE COURT:  Have you had an opportunity to discuss

13   with Mr. Heinrich the possible consequences that could flow

14   from entering a guilty plea?

15           DEFENDANT PHILLIPE:  Yes.

16           THE COURT:  Do you understand that -- have you

17   discussed with your lawyer the possible charges that are

18   associated with each of the counts?  I mean the possible

19   penalties that flow from each of the counts?

20           DEFENDANT PHILLIPE:  Yes.

21           THE COURT:  Let's talk now about certain rights to a

22   trial that you have because you give up your right to a trial

23   if you plead guilty.

24           Do you understand that?

25           DEFENDANT PHILLIPE:  I understand, your Honor.

D995colP                         plea

1        THE COURT:  You understand you haven't given up that

2   right yet?

3        DEFENDANT PHILLIPE:  I understand.

4        THE COURT:  Do you understand that under the laws of

5   the United States and the U.S. Constitution, you are entitled

6   to a speedy and public trial of the charges contained in the

7   indictment against you?

8        DEFENDANT PHILLIPE:  I understand.

9        THE COURT:  Do you understand that at that trial you

10   would be presumed to be innocent and the government would have

11   to prove that you were guilty beyond a reasonable doubt before

12   you could be found guilty?

13        DEFENDANT PHILLIPE:  Understood.

14        THE COURT:  Do you understand that a jury of 12 people

15   would have to agree unanimously that you were guilty before a

16   verdict could be returned against you?

17        DEFENDANT PHILLIPE:  Understood.

18        THE COURT:  At that trial and at every stage of your

19   case you would be entitled to be represented by a lawyer.

20        Do you understand that?

21        DEFENDANT PHILLIPE:  I understand.

22        THE COURT:  Now, during a trial the witnesses for the

23   government would have to come to Court and testify in your

24   presence and Mr. Heinrich would have an opportunity to

25   cross-examine them and he would have an opportunity to object

D995colP                           plea

1      to any evidence offered by the government and he would have the

2      opportunity to subpoena witnesses on your behalf and to proffer

3      evidence on your behalf.

4                  Do you understand those things?

5                  DEFENDANT PHILLIPE:  I understand.

6                  THE COURT:  Do you understand that at a trial,

7      although you would have a right to testify, you would also have

8      the right not to testify and, if you chose not to testify, the

9      jury would be instructed that they could not draw any inference

10     or suggestion of guilt from the fact you did not testify?

11                 DEFENDANT PHILLIPE:  I understand.

12                 THE COURT:  Now, do you also understand that if you

13     want to plead guilty in a few minutes I'm going to ask you why

14     you think you're guilty of the charges against you, and when

15     you answer that it means you are giving up your right not to

16     incriminate yourself.

17                 Do you understand that?

18                 DEFENDANT PHILLIPE:  I understand.

19                 THE COURT:  Now, the charges against you each carry

20     separate penalties or potential penalties.  Do you understand

21     that?

22                 DEFENDANT PHILLIPE:  I understand.

23                 THE COURT:  I'm going to go through them each right

24     now and make sure that you understand the possible penalties

25     that could flow from each of the counts.

D995colP                          plea

1          Do you understand that in Count One you are charged

2     with conspiring to commit a robbery in or about September of

3     2012?

4          DEFENDANT PHILLIPE:  I understand.

5          THE COURT:  And do you understand that that charge

6     carries a maximum term of imprisonment of 20 years?

7          DEFENDANT PHILLIPE:  Understood.

8          THE COURT:  And a maximum term of supervised release

9     of three years?

10         DEFENDANT PHILLIPE:  Understood.

11         THE COURT:  And do you understand that that count

12    carries a maximum fine of the greatest of $250,000, twice the

13    gross pecuniary gain derived from the offense or twice the

14    gross pecuniary loss to persons other than yourself resulting

15    from the offense, and a $100 mandatory special assessment?

16         DEFENDANT PHILLIPE:  Understood.

17         THE COURT:  Do you understand that Count Two carries

18    separate penalties?

19         DEFENDANT PHILLIPE:  Understood.

20         THE COURT:  And Count Two charges you with committing

21    and aiding and abetting the commission of a robbery in or about

22    2012?

23         Do you understand that?

24         DEFENDANT PHILLIPE:  I understand.

25         THE COURT:  Do you understand that Count Two carries a

1    maximum term of imprisonment of 20 years and a maximum term of

2    supervised release of three years?

3              DEFENDANT PHILLIPE:  I understand.

4              THE COURT:  Do you understand that Count Two also

5    carries a maximum fine that's the same as Count One?

6              DEFENDANT PHILLIPE:  Understood.

7              THE COURT:  And do you understand that Count Two also

8    carries a mandatory special assessment of $100?

9              DEFENDANT PHILLIPE:  Understood.

10             THE COURT:  Do you understand that in Count Three you

11   are charged with conspiring to commit kidnapping in or about

12   September of 2012.

13             DEFENDANT PHILLIPE:  Understood.

14             THE COURT:  And do you understand that Count Three

15   carries penalties that are separate from those which could be

16   imposed for Counts One and Two?

17             DEFENDANT PHILLIPE:  I understand.

18             THE COURT:  Do you understand that Count Three carries

19   a maximum term of life imprisonment?

20             DEFENDANT PHILLIPE:  I understand.

21             THE COURT:  Do you understand that Count Three carries

22   a maximum term of supervised release of five years?

23             DEFENDANT PHILLIPE:  Understood.

24             THE COURT:  Do you understand that Count Three also

25   carries a maximum fine of $250,000 or the greatest of $250,000

D995colP                           plea

 1    or twice the gross pecuniary gain derived from the offense or

 2    twice the gross pecuniary loss to persons other than yourself

 3    resulting from the offense, and a separate $100 mandatory

 4    special assessment?

 5               DEFENDANT PHILLIPE:  Understood.

 6               THE COURT:  Do you understand that Count Four charges

 7    you with committing and aiding and abetting the commission of

 8    the kidnapping in September 2012.

 9               DEFENDANT PHILLIPE:  Understood.

10               THE COURT:  Do you understand that Count Four carries

11    separate possible penalties from each of the other counts?

12               DEFENDANT PHILLIPE:  Understood.

13               THE COURT:  Do you understand that Count Four carries

14    a maximum term of life imprisonment?

15               DEFENDANT PHILLIPE:  I understand.

16               THE COURT:  Do you understand that Count Four carries

17    a maximum term of supervised release of five years?

18               DEFENDANT PHILLIPE:  Understood.

19               THE COURT:  Do you understand that Count Four carries

20    a maximum fine that is the same as that which could be

21    separately imposed for Counts One, Two and Three?

22               DEFENDANT PHILLIPE:  Understood.

23               THE COURT:  Do you understand that Count Four also

24    carries a mandatory $100 special assessment?

25               DEFENDANT PHILLIPE:  Understood.

D995colP                          plea

1          THE COURT:  Do you understand that Count Five charges

2     you with carrying, using and brandishing a firearm during and

3     in relation to, and possessing a firearm in furtherance of the

4     violent crimes charged in Counts One, Two, Three and Four?

5          DEFENDANT PHILLIPE:  Understood.

6          THE COURT:  Do you understand that Count Five carries

7     its own separate possible penalty?

8          DEFENDANT PHILLIPE:  Understood.

9          THE COURT:  Do you understand that the penalty for

10    Count Five must run -- well, Count Five carries a maximum

11    possible period of imprisonment of life?

12         DEFENDANT PHILLIPE:  Understood.

13         THE COURT:  Do you understand that Count Five carries

14    a mandatory minimum term of imprisonment of seven years and

15    that those seven years must be served consecutively which means

16    following any other term of imprisonment imposed for Counts One

17    through Four?

18         DEFENDANT PHILLIPE:  Understood.

19         THE COURT:  Do you understand that Count Five also

20    carries a maximum term of supervised release of five years?

21         DEFENDANT PHILLIPE:  Understood.

22         THE COURT:  Do you understand that Count Five also

23    carries the same fine that could be -- the possibility of the

24    same fine that could be imposed for Counts One through Four?

25         DEFENDANT PHILLIPE:  Understood.

D995colP                      plea

1          THE COURT:  And do you understand that Count Five also

2    carries a mandatory $100 special assessment?

3          DEFENDANT PHILLIPE:  Understood.

4          THE COURT:  Now, there is also the possibility that

5    the Court could impose restitution.  Do you understand that?

6          DEFENDANT PHILLIPE:  Understood.

7          THE COURT:  Do you understand that the Court could

8    also require you to forfeit any property or proceeds traceable

9    to the offenses in Counts One through Five?

10         DEFENDANT PHILLIPE:  Understood.

11         THE COURT:  Do you understand that any restitution or

12   forfeiture ordered by the Court would not be in place of any

13   fine that the Court would impose?

14         DEFENDANT PHILLIPE:  Understood.

15         THE COURT:  Do you understand that if you are released

16   from prison and there is a period of supervised release

17   imposed, that you have to comply with the terms of supervised

18   release because if you don't comply with the terms of

19   supervised release you could be returned to prison without a

20   trial?

21         DEFENDANT PHILLIPE:  Understood.

22         THE COURT:  But do you understand also that if you

23   plead guilty because you are not a U.S. citizen, deportation is

24   presumptively mandatory so it's most likely that you would be

25   deported from this country?

D995colP                    plea

1          DEFENDANT PHILLIPE:  Understood.

2          THE COURT:  Do you understand that no one -- not the

3    government, not your lawyer -- no one can predict what your

4    sentence is going to be because only the Court is going to

5    determine your sentence and I'm not going to do that right now.

6          DEFENDANT PHILLIPE:  Understood.

7          THE COURT:  Do you understand that in this letter

8    which the government gave you they have provided their own

9    estimation as to your offense level and that estimation is 44?

10         Do you understand that?

11         DEFENDANT PHILLIPE:  Understood.

12         THE COURT:  And do you understand that that then is

13   reduced to -- what is it reduced to?

14         MS. MOYNE:  It was 46 and it gets reduced to 44.

15         THE COURT:  I see, 46 to 44.

16         Do you understand that the government has calculated

17   your Criminal History Category as III?

18         DEFENDANT PHILLIPE:  Understood.

19         THE COURT:  Now, do you understand that the Court has

20   to independently determine what your appropriate offense level

21   is prior to your sentencing?

22         DEFENDANT PHILLIPE:  Understood.

23         THE COURT:  And, do you understand that my calculation

24   may be the same as what the government has put in its letter

25   that it gave to you or it may be different from that which the

D995colP                              plea

1    government calculated?

2              DEFENDANT PHILLIPE:  Understood.

3              THE COURT:  And, do you understand that that is also

4    true for your Criminal History Category?  I have to do my own

5    determination of what your Criminal History Category is and it

6    might be the same or it might be different from what the

7    government has come up with.

8              DEFENDANT PHILLIPE:  Understood.

9              THE COURT:  Do you have any agreement at all with the

10   government?

11             DEFENDANT PHILLIPE:  No, your Honor.

12             THE COURT:  Do you have any agreement or promise from

13   anybody as to what your sentence will be?

14             DEFENDANT PHILLIPE:  No, your Honor.

15             THE COURT:  Has anybody told you that you can withdraw

16   your plea if you enter a plea?

17             DEFENDANT PHILLIPE:  No.

18             THE COURT:  You understand that if you enter a plea

19   you will be bound by that plea no matter what your sentence is?

20             DEFENDANT PHILLIPE:  I understand.

21             THE COURT:  Do you understand that even if your

22   sentence ends up being different from what you hope it, want it

23   to be, what you expect it will be, that once you enter a plea

24   you will be bound by that plea and you can't can withdraw that

25   plea later?

D995colP                    plea

1                DEFENDANT PHILLIPE:  I understand.

2                THE COURT:  Do you understand if you enter a guilty

3    plea you give up your right to go to trial?

4                DEFENDANT PHILLIPE:  I understand.

5                THE COURT:  Has anybody forced you to plead guilty?

6                DEFENDANT PHILLIPE:  No, your Honor.

7                THE COURT:  Has anybody coerced you to plead guilty or

8    threatened you to plead guilty in any way?

9                DEFENDANT PHILLIPE:  No, your Honor.

10               THE COURT:  Is your decision, if you plead guilty,

11   your own decision?

12               DEFENDANT PHILLIPE:  Yes.

13               THE COURT:  Is it a voluntary decision?

14               DEFENDANT PHILLIPE:  Yes.

15               THE COURT:  Has anybody promised you at all what your

16   sentence might be?

17               DEFENDANT PHILLIPE:  No.

18               THE COURT:  I want to discuss with you the factual

19   basis for your plea.  As I said before, it is important that if

20   you plead guilty it is because you are guilty and not for any

21   other reason so I want you to tell me why you think you're

22   guilty of the crimes that are charged in Counts One through

23   Five.

24               DEFENDANT PHILLIPE:  Together, along with other

25   people, I forced Janet Adams, at gunpoint, into her apartment

D995colP                        plea

1  where she was held for more than a day in order to get her

2  boyfriend to show up so we could rob him of drugs and

3  proceeds -- drug proceeds.  And when he showed up we held him,

4  took his keys, went to his other apartment and got his drugs

5  and money.

6          THE COURT:  And where were you -- anything else?

7          DEFENDANT PHILLIPE:  No.  That's it, your Honor.

8          THE COURT:  What year did that occur or when did that

9  occur?

10          DEFENDANT PHILLIPE:  September 2012.

11          THE COURT:  And when you made the agreement with

12  others to engage in the robbery and the kidnapping, where were

13  you physically?  In the Bronx or some place else?

14          DEFENDANT PHILLIPE:  In the Bronx.

15          THE COURT:  And when you made the agreement with other

16  people, did you do so knowing that you were going and do a

17  robbery.

18          THE MARSHAL:  Yes, your Honor.

19          THE COURT:  Did you engage in the agreement with the

20  other people knowingly and willfully?

21          DEFENDANT PHILLIPE:  Yes.

22          THE COURT:  Did the woman whose name you mentioned,

23  you said that you threatened her with force?

24          DEFENDANT PHILLIPE:  Yes.

25          THE COURT:  Did you actually use force against her?

D995colP                         plea

1           DEFENDANT PHILLIPE:  Yes.

2           THE COURT:  When you took her against her will, did

3    you do that knowingly?  Did you know you were taking her

4    against her will?

5           DEFENDANT PHILLIPE:  Yes, your Honor.

6           THE COURT:  Did you know that you were restraining her

7    and preventing her from leaving against her will?

8           DEFENDANT PHILLIPE:  Yes, your Honor.

9           THE COURT:  Did you agree with others to kidnap that

10   woman?

11          DEFENDANT PHILLIPE:  Yes.

12          THE COURT:  And when you agreed with others to kidnap

13   that woman did you do so knowingly and willfully?

14          DEFENDANT PHILLIPE:  Yes.

15          THE COURT:  The proffer on the interstate element.

16          MS. MOYNE:  With respect to the robbery, the marijuana

17   that was stolen was shipped from California.

18          THE COURT:  Mr. Heinrich, any reason to disagree with

19   that proffer?

20          MR. HEINRICH:  No.

21          THE COURT:  All right.

22          MS. MOYNE:  And with respect to the kidnapping of the

23   victims, the defendant and others forced the victims to use

24   their cell phones in order to further their crime.  The female

25   victim was forced to use a cell phone in order to get in touch

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

D995colP                        plea

1    with the male victim and the male was forced to use his cell

2    phone in order to meet a random demand.

3              THE COURT:  All right.

4              MS. MOYNE:  And those cell phones had the ability to

5    call interstate and internationally?

6              THE COURT:  All right.

7              Mr. Phillipe, did the victim, did the victims use a

8    cell phone?

9              DEFENDANT PHILLIPE:  Yes, your Honor.

10             THE COURT:  Mr. Heinrich, do you have any reason to

11   disagree with the proffer by the government?

12             MR. HEINRICH:  I do not.

13             THE COURT:  Does the government believe that there is

14   a sufficient factual predicate for a plea of guilty as to each

15   of the five charges?

16             MS. MOYNE:  Your Honor, the defendant said that he and

17   others held the victim at gunpoint.  Just maybe a clarification

18   that what is meant by that, that the guns were brandished and

19   shown to the victim?

20             THE COURT:  Mr. Phillipe, when you held the victims at

21   gunpoint, did they know they were being held at gunpoint?

22             DEFENDANT PHILLIPE:  Yes.

23             THE COURT:  Could they see the gun?

24             DEFENDANT PHILLIPE:  Yes.

25             MS. MOYNE:  And then the robbery and the kidnapping

D995colP                     plea

1    occurred in the Bronx as well.

2             THE COURT:  All right.

3             I asked you before, Mr. Phillipe, about where the

4    agreement with people to commit the robbery occurred and you

5    said the Bronx.  Did the robbery actually occur in the Bronx?

6             DEFENDANT PHILLIPE:  Yes, your Honor.

7             THE COURT:  And did the kidnapping actually occur in

8    the Bronx?

9             DEFENDANT PHILLIPE:  Yes.

10            THE COURT:  Did the agreement to kidnap the victim

11   also occur in the Bronx?

12            DEFENDANT PHILLIPE:  Yes.

13            THE COURT:  And when you held the gun or when the gun

14   was held up in front of the victims, was that also in the

15   Bronx?

16            DEFENDANT PHILLIPE:  Yes.

17            THE COURT:  Ms. Moyne, is there a sufficient factual

18   predicate for a plea should the defendant choose to enter one,

19   as to each of the five counts?

20            MS. MOYNE:  Yes, your Honor.

21            THE COURT:  Mr. Heinrich, do you know of any legal or

22   other reason why your client should not enter a guilty plea,

23   should he choose to do so?

24            MR. HEINRICH:  I do not.

25            THE COURT:  Mr. Phillipe, it is now time for you to

D995colP                    plea

```
 1   make your final decision.  Once you enter a guilty plea as to
 2   any count you will be giving up your right to go to trial.  Do
 3   you understand that?
 4              DEFENDANT PHILLIPE:  I understand, your Honor.
 5              THE COURT:  How do you plead, sir, to Count One?
 6              DEFENDANT PHILLIPE:  I plead guilty.
 7              THE COURT:  How do you plea, sir, to Count Two?
 8              DEFENDANT PHILLIPE:  Guilty.
 9              THE COURT:  How do you plead, sir, to Count Three?
10              DEFENDANT PHILLIPE:  Guilty.
11              THE COURT:  How do you plead, sir, to Count Four?
12              DEFENDANT PHILLIPE:  Guilty.
13              THE COURT:  How do you plead, sir, to Count Five?
14              DEFENDANT PHILLIPE:  Guilty.
15              THE COURT:  Since you have stated that you are in fact
16   guilty of these offenses and given an adequate allocution as to
17   each of the charges and since I believe that you are pleading
18   guilty knowingly and voluntarily, that you know of your rights
19   including your right to go to trial, I accept your plea.  And I
20   also find that you are aware of the consequences of pleading
21   guilty.
22              Now, what is going to happen next is we are going to
23   set up a sentencing date.  We have a date of January 17th at
24   9:00 a.m.  Does that work for people?
25              MS. MOYNE:  That's fine for the government.
```

D995colP                          plea

1                THE COURT:  Mr. Heinrich?

2                MR. HEINRICH:  That works for me, Judge.

3                THE COURT:  That makes the defense submissions due on

4       January 3rd and the government submissions due on January 10th.

5                I also understand that there is a likelihood of a

6       Fatico hearing relating to a contested issue of fact for the

7       sentencing.  Is that right?

8                MR. HEINRICH:  Yes.

9                THE COURT:  We have set aside the entire day on

10      January 15th for that hearing.  Does that work for you,

11      Mr. Heinrich?

12               MR. HEINRICH:  It does, Judge.

13               THE COURT:  So, to the extent possible, try very hard

14      if you could -- I know that there are events that are outside

15      of your control -- to protect that Fatico hearing because there

16      will be a number of people involved in that and also the

17      sentencing time itself.

18               MR. HEINRICH:  Judge, my experience has been when I

19      say a federal judge has ordered me, I usually have no problem

20      so I don't anticipate any problems.

21               THE COURT:  All right.  All right.  Thank you.

22               Can I just ask, since you both have asked for the

23      Fatico hearing, can you give me a top line description of -- I

24      don't need to go into details of what it is going to be so I

25      can at least get myself prepared if I want to do some

D995colP                              plea

1    preliminary legal research.

2                MS. MOYNE:  Yes, your Honor.

3                In the Pimentel letter we indicated the government

4    believes a number of enhancements apply to the kidnapping

5    charge; that there was a sexual assault, that there was a

6    random demand, that serious bodily injury resulted, and that

7    the loss exceeded $10,000.  I think that covers the

8    enhancements but we believe that the defense may not agree to

9    all of those enhancements and so the Fatico would address that

10   and I imagine we will call three witnesses to testify at the

11   Fatico hearing.

12               THE COURT:  All right.

13               Mr. Heinrich, without going into right now which ones

14   intensely you disagree with although you are welcome to if you

15   are prepared to, does that generally correspond with your view?

16               MR. HEINRICH:  Except for the monetary amount I think

17   the other two accurately say we would disagree with the serious

18   bodily injury and the sexual allegation.

19               THE COURT:  All right.

20               Now, Mr. Phillipe, what is going to happen next is the

21   probation officer is going to want to do an interview of you to

22   create a document called a presentence investigation report.

23   That document tells me a lot about the crime -- I will

24   obviously know if there is a Fatico hearing and I will have

25   submissions in hand by then, I will know something about it,

D995colP                              plea

1     but it also tells me things about you personally.  Your lawyer

2     will also have the opportunity to put in a submission that will

3     talk about you personally, try to bring out any factors which

4     he and you believe the Court should take into consideration in

5     mitigation of a sentence.  And so, when the probation office

6     report comes to you in draft form, you will have a chance to

7     read it and Mr. Heinrich will have a chance to read it before

8     it ever gets to me.  If you notice any errors at all, raise it

9     with Mr. Heinrich and he can either tell probation and ask them

10    to change it; if they won't change he can raise them with the

11    Court and lodge a formal objection.  All right?

12            Mr. Heinrich, will you facilitate the interview from

13    the probation office?

14            MR. HEINRICH:  I will, your Honor, and as my

15    predecessor will directly reflect, I want to be present at the

16    time.

17            THE COURT:  Thank you.

18            Is there anything further that we should do at this

19    time?

20            MS. MOYNE:  Not on behalf of the government.

21            THE COURT:  Mr. Heinrich?

22            MR. HEINRICH:  Nothing that I can think of, Judge.

23            THE COURT:  Then we are adjourned until January 15,

24    9:30 a.m.  9:30 a.m. on the 15th.  Thank you.

25                              o0o