

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 17, 2014

**BY EMAIL TO CHAMBERS**
Hon. Katherine B. Forrest
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    ***United States* v. *Trevor Cole & Dominique Jean Phillippe*,**
            **12 Cr. 802 (KBF)**

Dear Judge Forrest:

      The Government respectfully submits this letter in support of its position that, for purposes of calculating the defendants sentencing range under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."), a six-point enhancement for sexual assault should be applied to the Guidelines calculation for the kidnapping offenses. As explained further below, the Government has proven by (at a minimum) a preponderance of the evidence that        was sexually assaulted.[1] *See United States* v. *Ahders*, 622 F.3d 115, 119 (2d Cir. 2010) (*per curiam*) ("A district court must make specific factual findings, by a preponderance of the evidence, to support any sentencing enhancement under the Guidelines." (internal quotation marks omitted)).

      Testimony

      On January 15, 2014,      took the witness stand and testified in open court about the unimaginable nightmare she survived. She described how robbers forced their way into her apartment at gunpoint, bound her hands and feet and taped her eyes shut, and held her for two days. She described how she had to urinate on herself, and how at least one robber urinated on her. She described how she tried to protect her boyfriend,      , by calling his old, disconnected phone number. She described how she thought she would die. And,      described how she was sexually assaulted – how she was raped. She could not see her assailants, but she believes they were three men, who forced themselves on her and ejaculated in her.

      No one who heard and saw      testify can credibly claim that she was lying about being sexual assaulted. She was undeniably traumatized by the experience. Indeed,

---

[1] A redacted copy of this letter, omitting the names of the victims, will be filed on ECF.

credibly testified about how                    is now, as a result of what happened to her during this heinous crime, a "shell of herself." (Transcript, 1/15/14, ("Tr.") at 140). She is clearly still coping with what happened to her.  She had no wish to talk about it – indeed, she kept asking why she had to talk about it when the case was about robbery and kidnapping, not rape. (*See, e.g.*, Tr. 76, 78).

In the face of                    ' uncontroverted testimony, defense counsel has posited various theories of why                    would lie about being sexually assaulted.  None of these theories have any basis in fact, and all of them defy logic.

First, defense counsel suggested that                    made up the sexual assault to gain sympathy with her boyfriend,                    , to make up for her role in his robbery and kidnapping.  There is, however, no evidence whatsoever that                    played any knowing role in her own robbery and kidnapping.                    initial accusation when he entered her apartment and was attacked by the robbers –           , you set me up" –  is not evidence that she did set him up.  The robbers forced her to call him and get him to come over, so, when he arrived he naturally assumed she had done so on purpose.  But, as Mr.                    testified, he then saw                    bound and motionless in a bathtub and thought she was dead, and he later learned she reeked of urine – hardly the role of a co-conspirator of robbers and kidnappers.  Moreover,                    was reluctant to tell                    what had happened to her because she was embarrassed and ashamed, and she never told him the details, which is wholly inconsistent with the notion that she was trying to garner his sympathy.

Second, defense counsel suggested that                    was lying about the sexual assault to gain sympathy with                    because they were breaking up and he would no longer support her.  Again, however, this makes no sense in light of                    reluctance to tell                    about her being sexually assaulted.

Third, defense counsel suggested that                    was lying about the sexual assault to "slam these guys."  But, unsurprisingly,                    did not understand the relevance of her sexual assault to the defendants' case – as she stated, they are charged with robbery and kidnapping, so why was she being asked about rape.  It goes beyond the realm of absurd to believe that                    has a detailed understanding of the United States Sentencing Guidelines to understand the significance of a sexual assault on the computation of the defendants' Guidelines ranges.  Moreover, if                    wanted to "slam these guys," she would have told law enforcement immediately about her being raped and she would have identified Trevor Cole and Dominique Jean Phillippe as the rapists.

Fourth, defense counsel suggested                    initial failure to report her sexual assault is evidence that she made it up.  Sadly, as even one of the defense counsel conceded upon inquiry from the Court, many victims of sexual assault fail to report it.  The feelings of embarrassment and shame, and the fear of retaliation are strong.  The fact that has endured those feelings and testified – reluctantly and emotionally – is only further proof of her veracity, and of the strength she must have had to survive what happened to her.

2

Fifth, the attached Affidavit of Special Agent John Reynolds describes an interview of Trevor Cole's former girlfriend on January 21, 2013.  As explained in the Affidavit,                had heard that Trevor Cole had what she described as "sex" with the female victim of the kidnapping.  Notably, Ms. S        had little incentive to lie about this – at the time of the interview, she was supportive of Trevor Cole and hostile to the law enforcement officers.  Moreover, when she was challenged on her use of the word "sex" to describe the rape of a woman who was being held against her will, bound, and blindfolded, Ms. St simply scoffed, exhibiting no sympathy for the victim of this horrible crime.  Lastly, at the time of the interview, Ms. St        stated that she believed the Government was treating Trevor Cole unfairly and seeking too harsh a punishment for his crimes.

Finally, the attached stipulation describing what                         told the Government during proffer sessions is entirely consistent with                 testimony that she was raped sometime on Monday by three individuals involved in the robbery.[2]  Ms.                 testified that she was raped on Monday evening.  (Tr. 65).  Under the circumstances of this crime, including the fact that she was held hostage, bound with duct tape for days, it is not surprising that she does not know the exact time that she was raped.  Her testimony is merely an approximation.  For his part,              has informed the Government that Cole and Jean Phillippe were present at the apartment on Monday, and that, although David Delva had left the apartment with           on Monday morning, he is not aware whether Delva returned to the apartment that day.  (Stipulation ¶ 3).  It was not until late afternoon or the evening on Monday that Cole and Jean Philippe came to           s house.  (*Id.* ¶ 4).  Thus, Ms. testimony and            statements are not in any way inconsistent with Cole, Jean Phillipe and Delva raping her sometime Monday afternoon or evening.  Indeed, Ms. testified that after she was raped, she heard a female voice and at some point heard this female having sex with one of the robbers.  (Tr. 29-30).  This is consistent with belief that when Jean Phillippe and Cole came to           s apartment for a couple of hours, Lisa Hylton was left at the Magenta Street Apartment to guard Ms.            (Stipulation ¶ 4). And the fact that Ms.           then heard the female having sex with a male robber is consistent with            statement that Cole left            apartment – which was only three blocks away from the Magenta Avenue apartment (*id.* ¶ 1) –  to go back to the Magenta Street Apartment late Monday.

---

[2] The attached Stipulation is between the Government and defendant Trevor Cole.  The Government has been unable to reach defense counsel for Dominique Jean Phillippe, and accordingly, does not know whether defendant Jean Phillippe similarly stipulates to the prior statements of

In sum, Ms.       credibly testified that she was raped during this horrific crime, she has no motive to fabricate that claim, and there is no evidence in the record contradicting her testimony. Accordingly, the Court should apply the six-point enhancement for sexual assault.

<div style="margin-left: 40%;">

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York

By:     \_\_\_\_s/_____
Parvin Moyne
Timothy Sini
Assistant United States Attorneys
(212) 637-2510/2358

</div>

cc:     Benjamin Heinrich, Esq. (by email)
        David Touger, Esq. (by email)