UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA,

                vs.

TREVOR COLE

                Defendant.

No. 12 CR 802-01 (KBF)

------------------------------------------------------------x

### DEFENDANT TREVOR COLE'S MEMORANDUM OF LAW
### FOR RECOMMENDATION TO REMAIN IN NEW YORK CITY
### TO ASSIST WITH HIS APPEAL

      The Defendant, Trevor Cole, respectfully moves, pursuant to Fed. R. Crim. P. 38(b), that this Honorable Court direct that he remain incarcerated at the Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"), pending his appeal so that he can participate in and assist the preparation of his appeal brief to the Second Circuit Court of Appeals.

      On October 31st, 2012, Mr. Cole was arrested, presented, and remanded pending trial. Mr. Cole has been housed at MDC Brooklyn since being remanded. On September 9th, 2013, Mr. Cole plead guilty to all five counts of the indictment. On January 30th, 2014, Mr. Cole was sentenced by this Honorable Court to life in prison. Mr. Cole has appealed the judgments of conviction and sentence to the Second Circuit Court of Appeals. After the sentence the Court endorsed a judicial recommendation that Mr. Cole "be housed in a facility as close to New York City, as possible."

      On February 10th, 2014, Mr. Cole retained Merchant Law Group LLP to represent him during his appeal. Mr. DeMaria's office is located in White Plains, New York. To date, Mr. DeMaria has met with Mr. Cole three times to gather information for the appeal. Mr. Cole's input on the issues that will be argued on appeal are very helpful to Counsel. If Mr. Cole remains incarcerated in the

New York City area, Mr. DeMaria will be able to see him regularly to discuss the appeal. The proximity of MDC Brooklyn and the ability to confer with Mr. Cole in person will substantially decrease the burden on counsel from having to travel or communicate telephonically and will result in a more effective use of counsel's work time and ultimate brief produced.

The facility at Brooklyn MDC regularly houses maximum security inmates and there is no there is no danger that Mr. Cole will cause a problem if housed at MDC Brooklyn, where he has been housed for more than a year and a half. Additionally, since Mr. Cole is already house at MDC Brooklyn, there will be no additional cost if he were to remain there to assist his attorneys during the appeal process.

The Court has the authority to Recommend to the Attorney General that Mr. Cole remain at MDC Brooklyn pursuant to Federal Rule of Criminal Procedure 38(b)(2), which provides:

> (2) Stay Denied; Place of Confinement. If the defendant is not released pending appeal, THE COURT MAY RECOMMEND TO THE ATTORNEY GENERAL THAT THE DEFENDANT BE CONFINED NEAR THE PLACE OF THE TRIAL OR APPEAL FOR A PERIOD REASONABLY NECESSARY TO PERMIT THE DEFENDANT TO ASSIST IN PREPARING THE APPEAL. (emphasis added)

In United States v. Smith, 826 F.Supp. 1282 ( D.Kan.,1993), the Court noted that "[t]he case authority dealing with Rule 38(b) is exceedingly sparse, and the court has found no guidance from reported cases as to the problem presently before it." The Court in Smith went on to say that even with the sparse case law, "… it is clear from the plain language of the Rule that it is within the Sentencing Court's discretion to recommend that a defendant be housed at a facility near the place of trial to assist in the preparation of an appeal." Id.

The only New York case on point, to counsel's knowledge, is U.S. v. Stassi, 411 F. Supp. 852 (SDNY 1976), where the Court denied the defendant's rule 38(b)(2) motion. This case stands

in stark contrast to Stassi. First, Stassi was convicted of having organized and controlled a major heroin importing operation and had the means to pay for his attorney to visit him. Secondly, Stassi was a "distinct security risk", and one of his fellow prisoners had previously attempted a jail break. Thirdly, Stassi was housed in Illinois at the time of his rule 38 motion and there would have been a cost to relocate Stassi back to New York.

In the instant case, all the factors support Mr. Cole's application to remain at MDC Brooklyn to assist his attorney in preparing his brief on appeal. Mr. Cole does not pose any unique safety concerns and is not a member, let alone the head, of a criminal organization. Additionally, Mr. Cole and his family do not possess the means to pay for an attorney to travel from New York to wherever he might be relocated pending appeal and so most of the preparation would have to be done by telephone, to Mr. Cole's prejudice. Third, Mr. Cole is currently at MDC Brooklyn and so there are no travel costs related to Mr. Cole's application, and the additional costs to keep Mr. Cole at MDC Brooklyn are minimal.

For the foregoing reasons, Mr. Cole respectfully requests that the Court direct the Attorney General to retain Mr. Cole at MDC Brooklyn so that he can assist his attorneys in prosecuting his appeal.

Dated: White Plains, New York
March 6th, 2014

Respectfully submitted,

Merchant Law Group LLP

By: /s/ Daniel DeMaria

Daniel DeMaria, Esq. (Bar # DD4130)
203 East Post Road
White Plains, New York 10601
Tel: 845-704-7777
Fax: 877-607-5419
ddemaria@nyslitigators.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 6th, 2014, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

/s/ Daniel DeMaria
Daniel DeMaria (Bar # DD4130)